# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Dimitri A. Hubbard,
    Petitioner

vs.                                  Case No. 1:09cv550
                                       (Dlott, C.J.; Wehrman, M.J.)

Warden, London
Correctional Institution,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 8), respondent's "Answer/Return Of Writ" with exhibits (Doc. 11), and petitioner's "traverse" in reply to the return of writ (Doc. 14).

### Background

On October 2, 2006, the Warren County, Ohio, grand jury returned an indictment charging petitioner with one count of attempted aggravated burglary in violation of Ohio Rev. Code §§ 2911.11(A)(2) and 2923.02(A), and one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2); a firearm specification was attached to each count. (Doc. 11, Ex. 1). After a jury trial, petitioner was found guilty as charged. (*See id.,* Exs. 2-3). On December 27, 2006, petitioner was sentenced to an aggregate prison term of eleven (11) years. (*Id.*, Ex. 4).

Petitioner's trial counsel filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District, on petitioner's behalf. (*Id.,* Ex. 5). With the assistance of new counsel for appeal purposes, petitioner presented the following assignments of error on appeal: (1) the trial court abused its discretion when it denied his request for new counsel; (2) the jury's verdicts of guilt were against the manifest weight of the evidence; and (3) the trial court violated his state statutory and federal constitutional right to a speedy trial by continuing the trial date over defense counsel's objection "to allow the state to investigate an untimely alibi where defendant simply expressed his intent to testify that he was not at the scene of the crime." (*Id.*, Ex. 6).

On June 2, 2008, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 8). Petitioner did not perfect a timely appeal to the Ohio Supreme Court from that decision.

However, with the assistance of new counsel from the Ohio Public Defender's Office, petitioner did file a timely application under Ohio R. App. P. 26(B) with the Ohio Court of Appeals, Twelfth Appellate District, for reopening of the direct appeal. (*Id.,* Ex. 9). Petitioner claimed in the application that his counsel on direct appeal was ineffective for failing to raise the following claims as assignments of error:

> 1. The trial court deprived [petitioner] of a fair trial and committed plain error when it failed to instruct the jury that in order to find [petitioner] guilty of the accompanying firearm specification, the jury must have determined that [petitioner] displayed, brandished, indicated possession of or used a firearm....
>
> 2. Trial counsel provided ineffective assistance ... for failing to object when the trial court did not instruct the jury that in order for [petitioner] to be found guilty of the accompanying firearm specification, the jury must have determined that [petitioner] brandished a firearm during the commission of the underlying felony.

(*Id.*, pp. 2, 6).

On December 17, 2008, the Ohio Court of Appeals denied petitioner's reopening application upon finding that "counsel's failure to argue the specific assignment[s] of error appellant presents in his application does not raise a *genuine issue* as to whether appellate counsel was ineffective." (*Id.,* Ex. 11). Respondent

states that petitioner did not pursue an appeal to the Ohio Supreme Court in the reopening matter.

Apparently, petitioner took no further action in the state courts to challenge his conviction or sentence until May 15, 2009, when he filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 2, 2008 direct appeal decision. (*See id.,* Exs. 12-13).

In his motion for delayed appeal, petitioner claimed as "cause" for his delay in filing that his appellate counsel "failed to inform [him] of the court of appeals['] decision and how to further pursue a timely appeal to the Ohio Supreme Court within forty-five days." (*Id.,* Ex. 13, p. 2). Petitioner, however, also averred that "[o]n June 16, 2008," he "discovered the court of appeals had affirmed his conviction and sentence" and sent a letter to the Ohio Public Defender's Office seeking "legal assistance in filing a timely memorandum in support of jurisdiction and application to reopen direct appeal." (*Id.*). Petitioner states that he received a letter from an assistant Ohio Public Defender on July 16, 2008, informing him that she had received his letter from June 18, 2008 and "did not have the time or resources" to file a memorandum in support of jurisdiction on his behalf "with little chance of success for being accepted." (*Id.,* p. 3 & attached Ex. A). The same attorney did assist petitioner in the preparation and filing of his reopening application on September 2, 2008. (*See id.* & attached Ex. B; *see also* Doc. 11, Ex. 9).

On July 1, 2009, the Ohio Supreme Court denied petitioner's motion for delayed appeal without opinion. (Doc. 11, Ex. 14).

Petitioner next commenced the instant federal habeas action. In the petition, which was stamped as "received" by the Clerk of Court on August 3, 2009, petitioner alleges three grounds for relief:

> **Ground One:** Petitioner['s] ... constitutional rights to effective assistan[ce] of trial counsel under the Sixth Amendment ... was violated by the judge, when the court during the criminal proceeding denied Petitioner ... the opportunity to hire a private defense attorney to represent him in the criminal case.
>
> **Ground Two:** Petitioner['s] ... constitutional right to a speedy trial under the Sixth and Fourteenth Amendments ... w[as] violated by the

> judge, and the trial date fell outside the statutory speedy trial requirement of Ohio Revised Code [§] 2945.71(C)(2), and the delay was unreasonable resulting in prejudice to the Petitioner's constitutional rights in the state court criminal proceedings.
>
> **Ground Three:** Petitioner['s] ... constitutional right to effective assistance of appellate counsel under the Sixth Amendment ... was violated when appellate counsel ... did not raise the meritorious issue of his conviction in the trial court being based on incomplete and incorrect jury instruction which deprived [petitioner] of his constitutional rights to due process and a fair trial.

(Doc. 8, pp. 4-6). In the return of writ, respondent contends that petitioner has waived his claims for relief, which are procedurally defaulted, because he failed to pursue an appeal to the Ohio Supreme Court from the denial of his reopening application and failed to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 2, 2008 direct appeal decision. (Doc. 11, Brief, pp. 4-10).

## OPINION

### Petitioner Has Waived His Grounds For Relief Due To His Procedural Defaults In Failing To Perfect Appeals To The Ohio Supreme Court From The Ohio Court Of Appeals' Direct Appeal And Reopening Decisions

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If a habeas petitioner fails to fairly present his claims through the requisite

levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, it appears that the claims alleged in Grounds One and Two of the petition were raised by petitioner as assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 11, Ex. 6). Moreover, petitioner presented the claim alleged in Ground Three to the intermediate state appellate court for consideration in his timely-filed application for reopening of the direct appeal. (*Id.,* Ex. 9). However, as respondent has pointed out, he committed procedural defaults, which precluded the state's highest court from reviewing the merits of his claims, by (1) failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 2, 2008 direct appeal decision, and (2) failing to pursue an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' December 17, 2008 entry denying his reopening application.

Here, petitioner never pursued an appeal to the Ohio Supreme Court from the denial of his reopening application, and is unable to do so at this late juncture. Although defendants in felony cases are permitted to seek a delayed appeal with the state supreme court for review of appeals on the merits, the "provision for delayed appeal ... does not apply to appeals involving postconviction relief, including appeals brought pursuant to ... App. R. 26(B)." Rule II, Section 2(A)(4)(a)-(b), Rules of Practice of the Supreme Court of Ohio.

Petitioner did attempt to perfect an appeal to the state supreme court for review

of claims that were raised on direct appeal by filing a motion for delayed appeal on May 15, 2009, over eleven months after the intermediate court issued its decision overruling the assignments of error and affirming the trial court's judgment. (*See* Doc. 11, Exs. 8, 12-13). However, the Ohio Supreme Court refused to allow an appeal by summarily denying the motion. (*Id.,* Ex. 14).

It is well-settled in the Sixth Circuit that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a[n adequate and independent state] procedural ruling sufficient to bar federal court review of [the] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (*per curiam*), *cert. denied,* 543 U.S. 989 (2004); *see generally Harris,* 489 U.S. at 260-62.[1] In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).

Because petitioner thus failed to comply with a state procedural rule, which was relied on by the Ohio Supreme Court in denying his motion for delayed appeal, petitioner may have waived the claims alleged in Ground One and Two of the petition. As the Sixth Circuit stated in *Bonilla,* "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to [such] an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman,* 501 U.S. at 750). Similarly, the Court concludes that the claim alleged in Ground Three, which was procedurally defaulted by petitioner when he failed to appeal the denial of his reopening application, is barred from review absent

---

[1]Under well-established Supreme Court case-law, a federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the state court judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state court decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813. In *Bonilla,* 370 F.3d at 497, the Sixth Circuit held that the Ohio Supreme Court's denial of a motion for delayed appeal is an adequate and independent state procedural ruling, which falls under this doctrine and precludes federal habeas review of the merits of the petitioner's claims absent a showing of cause and prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice.

a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner has not shown a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. Although petitioner alleged in an assignment of error on direct appeal that the jury's verdicts of guilt were against the manifest weight of the evidence, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

Petitioner also has not demonstrated "cause" for his procedural defaults in the state courts. He has not provided any explanation for his failure to appeal the Ohio Court of Appeals' December 17, 2008 entry denying his application to reopen the direct appeal. In addition, his arguments in support of his motion for delayed appeal of the Ohio Court of Appeals' direct appeal decision, fall short of establishing cause sufficient to excuse his procedural default in the direct review proceedings.

Petitioner first contends that he was unable to perfect a timely appeal to the state supreme court because his counsel on direct appeal did not notify him of the Ohio Court of Appeals' decision on June 2, 2008. The Sixth Circuit has held that because the constitutional right to effective assistance of counsel during a direct appeal as of right does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the proceeding, appellate counsel's delayed notice to his client of the direct appeal decision may constitute ineffective assistance sufficient to establish cause for the client's failure to file a timely appeal with the state's highest court. *See Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433-35 (6th Cir. 2006). However, in this case, petitioner has conceded that he learned on his own of the appellate court's decision on June 16, 2008, well within the requisite 45-day time-frame for perfecting a timely appeal to the Ohio Supreme Court. He, therefore, is unable to show that any error by his appellate counsel in notifying him of the direct appeal decision caused him to miss the filing deadline.

Petitioner also suggests that the assistant Ohio Public Defender's belated response on July 16, 2008 to his letter of June 18, 2008, informing him that she would not assist in filing a memorandum in support of jurisdiction on his behalf to the state

7

supreme court, constitutes cause for his procedural default given that the deadline for filing a timely appeal expired on July 17, 2008. However, although it is well-settled that appellate counsel's ineffectiveness may constitute cause for a procedural default in an appeal as of right to the Ohio Court of Appeals, *see Murray,* 477 U.S. at 488-89, attorney error rising to the level of ineffective assistance cannot constitute cause "where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal." *Tanner v. Jeffreys,* 516 F.Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh,* 240 F.Supp.2d 708, 714 (N.D. Ohio 2002), in turn citing *Coleman,* 501 U.S. at 751-53); *see also Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982); *Ross v. Moffitt,* 417 U.S. 600, 616 (1974); *Hernandez v. Greiner,* 414 F.3d 266, 269-70 (2nd Cir. 2005) (relying in part on *Halbert v. Michigan,* 545 U.S. 605, 619-20 (2005), which distinguished between a first-tier appeal and a second-level discretionary appeal); *Anderson v. Cowan,* 227 F.3d 893, 900-01 (7th Cir. 2000).[2]

In any event, even assuming that the attorney's alleged ineffectiveness in failing to respond promptly to petitioner's request for assistance on discretionary review could be argued as justification for petitioner's failure to meet the filing deadline of July 17, 2008, petitioner has not explained why he waited several months until May 2009 to file his *pro se* motion for delayed appeal.

Accordingly, in sum, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the undersigned **RECOMMENDS** that petitioner's petition for writ of habeas corpus be **DENIED** with prejudice on the procedural ground that petitioner has waived his claims for relief due to his procedural defaults in failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decisions affirming petitioner's conviction on direct appeal and denying his application to

---

[2]*Cf. Garrett v. Moore*, No. C-1-05-102, 2007 WL 315093, at *1, *5 (S.D. Ohio Jan. 30, 2007) (Weber, S.J.; Hogan, M.J.) (unpublished) (holding that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, petitioner was unable to establish that the ineffectiveness of counsel on discretionary appeal to the Ohio Supreme Court constituted cause for his procedural default); *Whittsette v. Gansheimer,* No. 1:08cv245, 2008 WL 4682656, at *3-4, *9-11 (N.D. Ohio Oct. 22, 2008) (unpublished) (same); *Wright v. Bobby,* No. 1:05cv02870, 2008 WL 2484170, at *1, *17-18 (N.D. Ohio June 17, 2008) (unpublished) (same).

8

reopen the direct appeal.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  September 3, 2010         s/ J. Gregory Wehrman
    cbc                                   J. Gregory Wehrman
                                              United States Magistrate Judge

C:\DATA\2010\sept\09-550 so dist.wpd

---

[3]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

9

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Dimitri A. Hubbard,
    Petitioner

    vs                                        Case No. 1:09cv550
                                               (Dlott, C.J.; Wehrman, M.J.)

Warden, London Correctional
Institution,
    Respondent

## NOTICE

      Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).